## Case No. 14,388.

### UNION PAPER-BAG MACH. CO. v. CRANE et al.

[Holmes 429; 1 Ban. & A. 494; 6 O. G. 801.] [1]

Circuit Court, D. Massachusetts. Oct. 6, 1874.

PATENTS—INTERFERENCE—RES JUDICATA—PRIORITY—ESTOPPEL.

1. After decision by the patent office of an interference between an applicant for a patent and the grantee of a patent theretofore issued, granting a patent to the applicant as the prior inventor, suit was brought in the circuit court by his assignee of the patent to have the interfering patent declared void. *Held*, that the decision of the patent office in the interference was not conclusive upon the question of priority of invention.

[Cited in Pentlarge v. Beeston, Case No. 10,-963; Wire Book Sewing Mach. Co. v. Stevenson, 11 Fed. 155. Followed in Whipple v. Miner, 15 Fed. 117; Gloucester Isinglass & Glue Co. v. Brooks, 19 Fed. 427; Hubel v. Tucker, 24 Fed. 702; Illingworth v. Atha, 42 Fed. 144.]

2. The defendants were not, by the statement of the date of his invention made to the patent

office by the patentee, their assignor, estopped to show that his invention was in fact made at an earlier date.

[Cited in Lockwood v. Cleaveland, 6 Fed. 725.]

[This was a bill in equity by the Union Paper-Bag Machine Co. against Luther Crane and others.]

George Harding and T. W. Clarke, for complainant.

T. L. Livermore, for defendants.

LOWELL, District Judge. The bill is brought under section 58 of the consolidated patent act of 1870 (16 Stat. 207), alleging that the complainant owns a patent [No. 134,244] granted to it Dec. 24, 1872, as assignee of Lorenzo D. Benner, for an improvement in paper bags, of which said Benner was the original and first inventor; that the defendants hold a patent [No. 123,811], dated Feb. 20, 1872, for an improvement alleged to have been invented by Luther C. Crowell; that the patents interfere; and the complainant prays that the patent of the defendants may be declared void. The answer denies that Benner was the original and first inventor of the improvement patented to the complainant; insists that Crowell was the inventor of that held by the defendants; does not explicitly confess or deny the interference between the two; and concludes with a prayer that the complainant's patent may be adjudged void.

It appears, on a comparison of the specifications, that they describe and claim the same invention, and the evidence proves that the complainant intended that its patent should cover the same ground as the defendants'. The patent office decided in favor of the complainant, after an interference had been regularly declared with Crowell's patent, which had already issued; upon that hearing Crowell produced no evidence excepting his own statement, and Benner examined several witnesses, and both parties were heard in argument.

Two points of law are taken by the complainant: 1. That the decision of the patent office is final between these parties. 2. That the defendants are estopped by the statement made by their assignor, Crowell, to the patent office, respecting the date of his invention, to introduce evidence in this cause, carrying his invention back to an earlier time than that which he specified in that statement.

1. The decision of the patent office is never final upon the question of the novelty or priority of an invention. The rule may have been adopted at first from a consideration of the ex parte character of the proceedings at Washington, but it has never been confined, as is now maintained by the complainant, to cases in which no contest was had; and it is obvious that it cannot be so limited, because if one party to an interference is concluded as against the other party, the result may be that a patent is valid as against him which

[1] [Reported by Jabez S. Holmes, Esq., and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

is void as against all the rest of the world. If, for instance, Crowell's invention was in fact earlier than that patented to the complainant. the later patent is conceded to be void as against every one who had no hearing before the patent office, while the defendants' patent would be void as against the complainant, and all persons claiming under it; so that the only person who could not practise the invention would be he who had made it, and his assigns.

The statute is not ambiguous. It gives a court of equity power to decide between interfering patents, without any exception or limitation. This is substantially a re-enactment of section 16 of the act of 1836, under which Mr. Justice Nelson is said to have decided the very point. Atkinson v. Boardman, Law Dig. p. 666, §§ 16, 3. By the act of 1793, interfering applications were to be passed upon by three arbitrators, and upon this act Mr. Justice Story said: "The award or decision of the arbitrators would have been final between the parties only so far as respected the granting of the patent. . . . The sole object of such an award is to ascertain who is prima facie entitled to the patent. But, when once obtained, it is liable to be repealed or destroyed by precisely the same process as if it was issued without objection." Stearns v. Barrett [Case No. 13,-337]. Upon reasoning and authority then, the new patent granted after a hearing merely makes out a prima facie case for the complainant. shifting the presumption that would otherwise exist from the earlier date of the defendants' deed.

2. There is no ground for holding the statement of Crowell an estoppel. It was not made to the complainant. nor intended to influence its action. and the evidence is clear that it did not act upon it.

We have examined with great care the evidence concerning priority of invention, and are of opinion that Crowell was the true and first inventor. He neglected his case before the patent office; and the examiners were led to believe that he might have obtained hints or suggestions from the drawings of Benner for a patent which was issued to him a short time before that of Crowell. It is true those drawings were left with Mr. Coffin, one of the persons interested in Crowell's invention, and in the shop where Crowell was at work on his machines; but the evidence in this case does not prove that any use was made of them, but tends to prove the contrary. But a wholly decisive consideration, as to which the course of proceedings before the patent office led the examiners into error, is that those drawings do not contain the invention, and, if they had been seen and studied by Crowell, would be no answer to his claim of priority. This is now admitted by the complainant, and was well known to it while the interference was going on, as appears by a letter from its counsel to the president of the company, which it has print-

ed at page 41 of the record. As the argument before the patent office is not given, we do not know whether the admission was made at that time; but the fact that the decision was very largely influenced by this mistake is shown by the record, and must detract much from the weight of the adjudication.

Upon the principal point of fact we are well satisfied not only that Crowell's invention was actually made by him, but that it was completed in 1867. The complainant, not denying that Crowell made the invention, insists that he was not the first inventor, and has introduced evidence which it relies upon to prove that Benner made it in 1868, and that Crowell was not earlier than 1871. The defendants, on the other hand, insist that they have thrown doubt upon the claim of Benner to have made the invention at all, though he may have approached it. As we are satisfied that Crowell really made the invention before Benner or any of his witnesses say that Benner made it, we have not examined the question whether Benner ever made it at all. Decree for defendants.