HANEY (MARKSON v.). See Case No. 9,-098.

## Case No. 6,022.

HANFORD et al. v. WESTCOTT et al.

[16 O. G. 1181.]

Circuit Court, D. New Jersey. Nov. 10, 1879.

TRADE-MARK—INTERFERENCE OF COMMISSIONER OF PATENTS.

1. The commissioner of patents has authority under the statute and the rules of the patent office to institute an interference between opposing claimants for registration of the same trade-mark for the purpose of determining the ownership of the same.

2. The decision of the secretary of the interior in 13 O. G. 963, and of the commissioner of patents in Hoosier Drill Co. v. Ingals, 14 O. G. 785, considered and approved.

3. The decision of the examiner of interferences, not appealed from, in such an interference is conclusive upon the parties and their privies, and cannot be questioned in any other tribunal.

4. The successful party in such an interference is entitled to a provisional injunction against the licensees of the unsuccessful party when no doubt exists as to the infringement.

[Cited in Peck v. Lindsay, 2 Fed. 690; Holliday v. Pickhardt, 12 Fed. 148; Smith v. Halkyard, 16 Fed. 415; Shuter v. Davis, Id. 565; Mubel v. Tucker, 24 Fed. 702.]

In equity.

George W. Dyer, for complainants.

William B. Guild, for defendants.

NIXON, District Judge. This is an application for a provisional injunction to restrain the defendants from the use of registered trade-mark numbered 6,378. The record shows that the complainants, trading under the name of A. Hanford & Co., filed an application in the patent office on the 12th of June, 1878, for the registration of a trade-mark consisting of the letters and words "Hanford's Chesnut Grove," when used in connection with the word "Whiskey," and that the same was registered on the 16th of July, 1878. They state in their application that they had continuously used this trade-mark in their business since the commencement of their partnership on the 1st of July, 1872, and that the said Albert Hanford had used the same for four years immediately preceding that date. The defendants do not deny the infringement, but justify the use of the trade-mark as licensed by Charles Wharton, who, it is alleged, first adopted it in 1857, and has been in the

constant use of the same ever since. It further appears from certified copies of proceedings in the patent office that after the registration of the said trade-mark for the complainants, to wit, on the 16th day of October, 1878, the said Wharton made application for the registration and record of the same to him, claiming the ownership. The last clause of the eighty-sixth rule of practice of the patent office provides as follows: "In case of conflicting applications for registration, the office reserves the right to declare an interference, in order that the parties may have opportunity to prove priority of adoption or right; and the proceedings on such interference will follow as nearly as practicable the practice in interferences upon applications for patents." In accordance with this provision the patent office declared an interference in this case; notice was given to the parties; a time fixed for filing the preliminary statements, and also for taking testimony on the issue raised. After full hearing of the question the examiner of interferences filed an opinion on the 16th of June, 1879, deciding the right to the use of the said trade-mark to be in the complainants. No appeal was taken from his decision, and, under the rules, the time for appealing has long since expired.

It is insisted in behalf of the complainants that the defendants, claiming under Wharton, are estopped from denying the complainants' title, and that the question of ownership, having been determined by a tribunal authorized by the law to settle it, cannot be opened here between the same parties or their privies. Such contention raises the inquiry whether the legislation of congress has conferred upon the commissioner of patents the authority of determining the ownership of trade-marks upon application made for registration. The secretary of the interior claims, and the commissioner of patents exercises, such authority. Decision of Secretary of Interior, 13 O. G. 963; Hoosier Drill Co. v. Ingals, 14 O. G. 785. If rightly claimed and exercised, there has been an adjudication between the parties as to the ownership, which precludes them from raising the question again in another forum. The secretary of the interior, in his decision, quotes section 483 of the Revised Statutes, which authorizes the commissioner of patents, subject to the approval of the secretary, to establish regulations from time to time, not inconsistent with law, for the conduct of proceedings in the patent office. He says that, in pursuance of this provision, rules and regulations have been adopted by the office, with the approval of the secretary, wherein it is provided that all questions in relation to the priority of claims for trade-marks shall be referred to the examiner of interferences, and by him determined; and that the receipt of an application for a trade-mark, its consideration, allowance or rejection, and registration, if allowed, are all proceedings in the patent office; and that it is competent for the commissioner of patents and the secretary of the interior to make such rules and regulations in relation to the granting of certificates therefor and registration thereof as in their judgment shall seem proper. The commissioner refers to the clause of the eighty-sixth rule, hereinbefore quoted, which authorizes the declaration of an interference by the office in order that the parties may have opportunity to prove priority of adoption or right, and thinks that the phrase "or right" in the rule has a wider signification than has heretofore been given to it; that it was meant to empower the officer to inquire into all the matters specified in section 4939 of the Revised Statutes, and into the disputes which may arise concerning them between applicants for registration. He holds that the clause in that section which prohibits the commissioner of patents from receiving and recording any proposed trade-mark "which is identical with the trade-mark appropriate to the same class of merchandise, and belonging to a different owner, and already registered or received for registration," constitutes the entire basis for an interference proceeding, and that an inquiry into the title or ownership is necessarily involved in determining the question of right. I see no reason to dissent from the correctness of their reasoning and conclusions; and the more especially when the provisions of sections 4937 and 4938 of the Revised Statutes are considered, which require the commissioner to ascertain and determine the party entitled to the exclusive use of the trade-mark for the use of which protection is asked.

The right existing in the patent office to declare an interference in trade-mark cases, such a declaration affords a tribunal where the parties may, if they please, try the question of title or ownership. It is not compulsory, for sections 4944 and 4945 of the Revised Statutes give cumulative remedies, and open the courts to all persons who claim to have been wronged by false registrations, imposing penalties for fraudulent representations, verbal or written, and preserving to parties all existing rights and remedies at law or in equity. In the present case the applicant, Wharton, would have been permitted to withdraw his application for registration as soon as the interference was declared, and to go into the courts for redress. He elected to attempt to prove his right before the examiner of interferences. He put in his testimony, and acquiesced in the decision against him without appeal, and it is too late to assert that he is not bound by the result of the contest. A matter is always held to be res adjudicata where the question has been determined by a tribunal of competent jurisdiction, and where there is a concurrence of identity of parties, or privies claiming under them, and identity of purpose or object. Freem. Judgm. § 252; Aspden v. Nixon, 4 How. [45 U. S.] 497. The infringement being admitted, and the title to the trade-mark adjudicated between these parties, there is

nothing left for the court to do, at this stage of the proceedings, except to order a provisional injunction, and it is ordered accordingly.