Acheson, D. J.
This is a motion for an injunction on re-issued letters patent No. 8,866, dated August 19, 1879, granted to the complainant, assignee of Amos Shepard, for an improvement in coffee and spice mills.
The defendants are hardware merchants at Pittsburgh, Pennsylvania, and sell coffee mills manufactured by Landers, Frary & Clark, which mills, it is alleged, infringe the first claim of said patent.
It clearly appears, both from the affidavits in the case and by an inspection of the Landers, Frary & Clark mill, that it embodies the first claim of the said re-issued patent. This claim is in these words: “In a box mill a metal hopper and flange, said flange projecting laterally at or near the top of the hopper, so as to form the cover of and means of attachment to the wooden box, in combination with a hinged hopper cover and grinding mechanism, substantially as and for the purpose set forth.”
The invention relates particularly to that style of box mills which have the bulk of the hopper located below the box top. The metallic hopper is made with a wide flange projecting *689 laterally from it, at or near the top, so as to form the cover of the box, and is provided with the means of attachment to the wooden box. On this metallic top the machinery of the mill is set up complete, and the same is then united to the box.
The specification thus states the purpose and advantages of the invention: “By making the combined box top and hopper of the form and as described, the entire grinding mechanism, together with the box top and hopper cover, can be set up, fitted and finished wholly independent of the wooden box, whereby the box is not soiled in setting up; neither is any extra labor or caution necessary in order to prevent soiling the wooden top, as the metal box top, hopper, cover and grinding mechanism, which constitute the mill proper, can be put together, fitted and finished in one room by one set of hands, and then attached to the box proper in another and cleaner room by another set of hands. Thus it will be seen that both the box and the grinding mechanism, with the box top, sunk hopper, and cover attached, may be properly finished before securing the latter parts of the box, so that merely securing the box top to the box produces a neatly finished box mill, with sunken hopper and cover complete, without any subsequent operation, which mill is stronger and more durable than prior ones of the same class, and at the same time it can be produced at a reduced cost.”
The affidavits in the case fully support the foregoing statements and establish the utility of the invention. It appears that on November 30, 1877, B. L. Webb filed his application in the patent office for letters patent for an improvement in coffee mills, to be issued to his assignees, Landers, Frary & Clark, the defendants’ vendors. In this application the following claim was made: “In a box mill, the hopper constructed with a laterally projecting flange to form the top of the mill, and with lugs on the under side as a means for securing the hopper and its flange, of the said flange, to the box, substantially as described.”
This application of Webb was put in interference with the original application of Amos Shepard, the issue made *690 by the patent office being as follows: “The subject-matter involved in the interference is, in a box coffee mill, the hopper constructed with a lateral projecting flange to form the top of the mill, and having fastening devices for securing the same to the box.”
The parties respectively filed the preliminary statements required by rule No. 53 of the patent office, and on May 15> 1878, the interference was decided in favor of Shepard. This decision was acquiesced in by Webb, who on May 24, 1878, disclaimed the invention and subsequently took out his patent on another claim.
The complainant’s counsel contend that the defendants, who are the vendees of Landers, Frary & Clark, are privies to the interference and bound by the adjudication, and cites in support of this position the decision of Judge Nixon, in Hanford v. Westcott, 16 O. G. 1181. To this proposition I assent so far as the question of priority of invention is concerned. But the decision does not preclude the defendants from contesting the right of the complainant to injunction, upon the ground of defence now set up, viz.: That the Shepard invention was completely anticipated by the “French mill,” and, therefore, that the reissued letters patent disclose no novelty, and are void for want of patentable invention. Let us, then, consider this defence.
The “French mill” consists of a box, with a top made of wood, upon the under side of which a wooden block is glued, so as to extend down into the box when the top is placed on the box. Through the center of the top and block there is a funnel-shaped opening, which forms the hopper. To the bottom of the wooden hopper the grinding shell is attached by means of screws. The top of the mill is nailed and. glued to the sides of the box.
The defendants contend that the only substantial difference between the complainant’s mill and the “French mill” is a difference of material, and that all the advantages are found in the latter mill which are described in the complainant’s re-issued patent. But such was not the position of Landers, Frary & Clark, and their assignor, R. L. Webb, when the *691 latter made application for letters patent, out of which the above-mentioned interference grew. In the Webb application occurred the following statements:
“These mills have usually been made with a wood box and top, with the hopper and runner made of metal and secured to the top. The securing device is necessarily screws or bolts, and these, after a little use, are liable to became loose, and require constant resetting or repairs. The object of this invention is, principally, to overcome this difficulty, and it consists in constructing the top of a box mill of cast metal, and in one and the same piece with the hopper.
“By this construction of the top the usual securing devices between the top and the hopper are avoided, and the cost of producing the hopper and top in one piece is less than constructing the hopper separately and attaching it to the wood top.
“Again, this construction allows the completion of the whole grinding apparatus independent of the box or wood portion, as the whole grinding apparatus is practically made a part of the top, and, that completed, it only remains to secure that single part of the wood box; and accomplished as it is, in this case, by transverse screws or rivets, the strain upon them in grinding is very much less than on the usual vertical securing devices.”
It is not pretended that at the time this application was made Webb and his assignees, Landers, Frary & Clark, were not perfectly familiar with the “French mill.”
The advantages set forth in such detail and with such force,, in the above-quoted statements from the Webb application, are shown all to exist in the Shepard invention, the priority of which, over Webb, has been finally adjudicated. Now, while the decision in favor, of Shepard in the interference proceeding may not be conclusive against the defendants upon the questions of anticipation and patentable novelty now raised, yet, under the circumstances, great weight, I think, should be given to the action of the patent office in granting letters patent to the complainant. The prima facie case ¿hereby established in favor of the complainant ought not to *692 be overthrown at the instance of Webb, or those in privity with him, without clear evidence that the patent is void for the reasons now assigned. Such evidence I do not find in the case. On the contrary, after an examination of the “French mill,” and a careful consideration of the affidavits, I have reached the conclusion that the Shepard invention was not anticipated by the “French mill,” or otherwise, and that his improvement is both new and useful.
I am of opinion that the complainant is entitled to the injunction moved for. Let a decree be drawn accordingly.