WHIPPLE *v.* MINER and others.

*(Circuit Court, D. Massachusetts.* February 2, 1883.)

1. PATENTS FOR INVENTIONS—RESTRAINING ISSUE OF PATENT.
    The decision of the commissioner of patents is not final on a question of the priority of invention, but the successful applicant will not be enjoined from receiving his patent upon the mere suggestion that the commissioner was mistaken.

2. SAME—JURISDICTION—APPEAL FROM DECISION OF COMMISSIONER.
    The jurisdiction of the circuit courts to grant a patent, notwithstanding an adverse decision of the commissioner of patents, is an independent original jurisdiction, and it is not within the mere discretion of the defeated party when and under what circumstances the action of the office shall be suspended.

In Equity.

*Browne, Holmes & Browne,* for complainant.

*George L. Roberts & Bros.,* for defendants.

LOWELL, J. The complainant alleges that he was the first inventor of a certain improvement in horseshoe nails; that he applied for a patent for the improvement, and, pending his application, the defendant Miner made a similar application, and, upon an interference, the office decided in favor of Miner, and is about to issue to him a patent. The bill prays that the complainant "may be adjudged to be entitled, according to law, to receive a patent for his invention," as provided by Rev. St. § 4915, and that the defendant Miner may be restrained in the mean time from receiving his patent.

I adhere to the opinion given in *Union Paper Bag Co.* v. *Crane,* 1 Holmes, 429, in which I sat with Mr. Justice CLIFFORD, that the decision of the commissioner of patents is not final on a question of priority of invention, even between those who were fully heard in the interference; but his decision has great weight, and it would be highly improper to enjoin the successful applicant from receiving his patent upon the mere suggestion that the commissioner was mistaken.

The bill contains no allegation of fraud, undue influence, or even of mistake, excepting a mistaken judgment, and the case is put on the simple legal proposition that the statute above cited is intended to give the courts a purely and strictly appellate jurisdiction in cases of interference, and that the appeal suspends the original judgment.

I do not find the law to be so. The statute applies primarily to ordinary cases which are heard *ex parte* in the patent-office, and though the language is broad enough to include a case where there

has been a contest, yet it is, plainly, an independent, original jurisdiction which is given to the courts. If it were not so, the mode of appeal, and the security to be given the adverse party, would undoubtedly be provided for, but especially the time within which the appeal should be taken, so that the commissioner might know whether he could issue the patent or not. Upon the theory of the bill it is left to the mere discretion of the defeated party when, and under what circumstances, the action of the office shall be suspended. This cannot be the law. Injunction refused.