### SHUTER and another v. DAVIS and others.

*(Circuit Court, S. D. New York. May 25, 1883.)*

1. PATENTS FOR INVENTIONS—PRIORITY—INTERFERENCE PROCEEDING.
   Where the question of priority of an inventor has been determined in interference proceeding before the patent-office, it is *res adjudicata* as between the parties to that proceeding.

2. SAME—ANTICIPATION—PATENTABILITY.
   Neither the leather tip nor the vulcanized rubber tip used on shoe soles was an anticipation of the tip of muslin or other textile material stiffened with shellac, invented by complainant; and as it was not obvious that when muslin coated with shellac might be pressed by dies into the form of a shoe tip, the beveled configuration could be dispensed with and that thus a serviceable article could be produced, the invention of complainant was patentable, although there was nothing new in pressing, by heated dies, muslin or other similar textile material, coated with shellac, into any desirable form or shape.

In Equity.

*Henry McCloskey* and *J. Van Santvord,* for complainants.

*Geo. H. Fletcher,* for defendants.

WALLACE, J. The proofs satisfactorily establish infringement by defendants of complainants' patent. The defense that Mark Davis was the original and first inventor of the patented improvement, and that complainants obtained the patent in fraud of his rights, although supported by somewhat impressive probabilities and the testimony of several witnesses, is met by strong opposing proofs on the part of the complainants. Under the circumstances, the presumption arising from the grant of the patent to the complainants is not sufficiently overthrown, and must prevail. But it also appears that the defendants were parties in interest to the interference proceed-

ings before the patent-office between the complainants and Mark Davis; that proceeding having been set on foot by Mark Davis for the benefit of the defendants, to protect them from the complainants' patent, and under an agreement between him and the defendants by which the defendants undertook to pay, and pursuant to which they did pay, the expenses of the proceeding. The question of priority having been determined in favor of the complainants in that proceeding, it is *res adjudicata* as between the parties to it. *Hanford* v. *Wescott*, 16 O. G. 1181; *Greenwood* v. *Bracher*, 1 FED. REP. 857; *Peck* v. *Lindsay*, 2 FED. REP. 688; *Holliday* v. *Pickhardt*, 12 FED. REP. 147.

The defense of want of novelty does not come with very good grace from parties who endeavored to procure a patent to be issued to Mark Davis for the same invention, but is undoubtedly open to the defendants. The complainants' invention relates to tips for the insoles of boots and shoes, and their patent is for the tips as an improved article of manufacture. Their tip is formed of muslin or other textile material, stiffened with shellac, and pressed into the required shape by heated dies. Prior to their improvement, tips had been made of leather, and usually in one piece with the insole, the tip being beveled to a fine edge. This mode of producing the tip required considerable time and skill, and was more expensive than was desirable, and the object of the patentees was to produce a less expensive substitute. The problem was to produce a tip sufficiently thin to require no beveling, but at the same time sufficiently rigid to be a suitable substitute for leather. It is demonstrated by the proofs that the complainants' tips were immediately received with great favor by the trade, and to a large extent superseded the leather tips theretofore used. They were not only very much less expensive to manufacture, but they were much more readily adjusted to the insole by workmen; so much so that the workmen preferred to buy them and pay for them out of their wages, rather than use the leather tip.

Prior to the complainant's invention a patent had been granted to Horace W. George for an improvement in box-toes. His article was a moulded box-toe or tip made of vulcanized rubber, with or without an intermixture of fibrous or suitable material capable of being shaped in molds. This tip was also beveled. Whether it was practically a satisfactory substitute for the leather tip does not appear. This patent is not an anticipation of the complainants'; neither a leather tip nor a vulcanized rubber tip is the same thing as a tip of muslin or similar textile material stiffened with shellac. The complainants'

tip was therefore new. Undeniably it was useful. It was, therefore, the proper subject of a patent, unless the substitution of the muslin and shellac for leather or vulcanized rubber was such an obvious thing to persons skilled in the art that it did not involve invention. This is always a question of fact. In this case it would not be in the least doubtful were it not that there was nothing new in pressing by heated dies muslin or similar textile material coated with shellac into such form and shape as was desired. But it was not obvious that when muslin coated with shellac might be pressed by dies into the form of a shoe tip, the beveled configuration could be dispensed with, and that a serviceable, practical article could be produced. The circumstances that the value of the new article was immediately recognized, and that it supplied a want long felt, but not before met, should have due weight, and in this case go far to resolve all doubts in favor of the sufficiency of invention.

A decree is ordered for complainants.