## HUBEL *v.* TUCKER and others.

*(Circuit Court, S. D. New York. July 21, 1885.)*

PATENTS FOR INVENTIONS — INTERFERENCE — EFFECT OF DECISION OF PATENT-OFFICE—REV. St. § 4918.

In a suit between interfering patentees under Rev. St. § 4918, the decision of the patent-office in favor of one of the parties is not *res adjudicata* upon the question of priority of invention between them, and a bar to further litigation in the circuit court.

In Equity.

*C. Willis Betts,* for complainant.

*J. P. Fitch,* for defendants.

WALLACE, J. The complainant, as owner of letters patent No. 275,092, issued to him as assignee of Taylor, April 3, 1883, files his bill alleging interference between his patent and a patent issued to William A. Tucker, No. 305,336, September 30, 1884. The prayer for relief is that the latter patent he declared void because of the al-

leged priority of invention of complainant's assignor. The defendants, by a plea, set up as a defense that the Tucker patent was issued by the patent-office after a decision in interference proceedings between the two patents in favor of Tucker, and insist upon that decision as a bar to the suit. The plea has been set down for argument, and the single question is whether in a suit between interfering patentees, under section 4918 of the Revised Statutes, the decision of the patent-office in favor of one of the parties is *res adjudicata* upon the question of priority of invention between them, and a bar to further litigation in this court. The language of that section is so explicit that it would seem to be unnecessary to resort to other provisions of the patent law in order to ascertain its meaning. As is said by LoWELL, J., in *Union Paper-bag Machine Co.* v. *Crane,* 1 Ban. & A. 494: "It is not ambiguous, but gives a court of equity power to decide between interfering patents without any exception or limitation." It saves the rights of any person interested in either of the interfering patents, as well as those of any person interested in the working of the invention claimed under either of them, to obtain relief against the interfering patent by a suit in equity against the owner. As no patent can come into existence under section 4904, if, in the opinion of the commissioner, it interferes with one already granted, the section in question plainly contemplates, either that his decision upon an interference may be reviewed, or that it it is only to be reviewed by a court of equity when he has overlooked the existence of the prior patent. That it is not intended to be confined to cases in which he has not passed upon the question of priority of invention is apparent from the provisions of section 4915, by which the rights of the defeated party in an interference proceeding are carefully saved by allowing him to appeal to the supreme court of the District of Columbia, or to resort to a remedy by a bill in equity. The provisions of this section denote incontestably that the decision of the commissioner is not to be conclusive if the defeated party choose to contest his decision by a direct attack upon the interfering patent in a court of equity. It may very well be held that where the defeated party does not adopt the statutory mode of contesting the decision of the patent-office upon the question of priority of invention, the decision should be held conclusive. The decisions in *Peck* v. *Lindsay,* 2 FED. REP. 688; *Holliday* v. *Pickhardt,* 22 O. G. 420; S. C. 12 FED. REP. 147; *Hanford* v. *Westcott,* 16 O. G. 1181; *Shuter* v. *Davis,* 24 O. G. 303; S. C. 16 FED. REP. 564,—are to this effect. They do not throw any light upon the present question, because this is purely one of statutory construction. The cases of *Wire Book-sewing Machine Co.* v. *Stevenson,* 11 FED. REP. 155, and *Peck* v. *Collins,* 70 N. Y. 376, are authorities in support of the conclusions thus reached.

The plea is therefore overruled.