**Ugo MONACO and Montecatini Societa Generale Per L'Industria Mineraria E Chimica Anonima, Appellants**

**v.**

**Robert C. WATSON, Commissioner of Patents, Appellee.**

**No. 14937.**

United States Court of Appeals District of Columbia Circuit.

Argued May 13, 1959.

Decided Aug. 27, 1959.

---

Burger, Circuit Judge, dissented.

Mr. Harry A. Toulmin, Jr., Washington, D. C., with whom Mr. F. E. Drummond, Washington, D. C., was on the brief, for appellants.

Mr. George C. Roeming, Atty., U. S. Patent Office, with whom Mr. Clarence W. Moore, Solicitor, United States Patent Office, was on the brief, for appellee.

Before EDGERTON, FAHY, and BURGER, Circuit Judges.

PER CURIAM.

Appellants had been the losing parties in a Patent Office proceeding in which the board of patent interferences adjudged a different applicant, Paul H. Hoffman, to be the prior inventor. Instead of appealing to the Court of Customs and Patent Appeals, appellants elected to sue in the District Court under 35 U.S.C. § 146 to require the Commissioner to issue the patent to them. That suit is pending in the District Court and is not before us. In a second suit, appellants seek to restrain the Commissioner from issuing the patent to Hoffman while the first suit is pending. The present appeal is from a judgment for the defendant in the second suit.

The statute provides that the "question of priority of invention shall be determined by a board of patent interferences * * * and the Commissioner may issue a patent to the applicant who is adjudged the prior inventor." 35 U.S.C. § 135. We think this means just what it says. We see nothing to suggest that applicants who, like these appellants, are adjudged *not* to be prior inventors, can require the Commissioner to withhold the patent while they sue for it under § 146.

The policy of the statute is clear. The decision of the board of patent interferences is presumably, though not conclusively, correct. If Hoffman, to whom the board awarded priority, gets the patent, he gets no more than is presumably his. To withhold the patent from him for the benefit of applicants who presumably are not entitled to it would serve no useful purpose. If the appellants win their suit under § 146 their rights will be protected, even if the Commissioner has issued the patent to Hoffman in the meantime, for § 135 provides that a "final judgment adverse to a patentee * * * shall constitute cancellation of * * * the patent * * *."

Pursuant to In re Allen, 115 F.2d 936, 28 CCPA 792, the Commissioner withholds patents while appeals from the Patent Office are pending in the Court of Customs and Patent Appeals. That decision and that practice do not concern us. Appellants' suit under § 146 "is de novo and not an appeal." Knutson v. Gallsworthy, 82 U.S.App.D.C. 304, 314,

164 F.2d 497, 507. "It is an application to the court to set aside the action of one of the executive departments of the government." Morgan v. Daniels, 153 U.S. 120, 124, 14 S.Ct. 772, 773, 38 L.Ed. 657.

Affirmed.

BURGER, Circuit Judge (dissenting).

Under the holding of the Court of Customs and Patent Appeals in In re Allen, 1940, 115 F.2d 936, 28 CCPA 792, the Commissioner of Patents has *no jurisdiction* to issue a patent to a winning party in an interference proceeding during the pendency of the loser's appeal to the CCPA. It is not a matter of discretion, and so the Commissioner conceded in the District Court, although he argues to the contrary here.

For purposes of the Commissioner's interim jurisdiction I can see no difference between an appeal to the CCPA under 35 U.S.C. § 141 and a suit for review in a District Court under 35 U.S.C. § 146. Before In re Allen but subsequently to Whipple v. Miner, C.C.D.Mass.1883, 15 F. 117 (relied on here by the Commissioner), the Act of 1927 had amended Rev.Stat. § 4915 (1875) so that an appeal to the CCPA or a bill in equity in the District Court were mutually exclusive remedies with identical time limitations. 44 Stat. 1336 (1927). These are provisions analagous in every material respect to present 35 U.S.C. §§ 141 and 146. Thus, although there have historically been differences between these two methods for reviewing a decision in an interference proceeding, the two routes are now procedurally the same and should therefore have the same effect upon the jurisdiction of the Commissioner.

The statute which the Commissioner contends compels him to issue the patent without delay, 35 U.S.C. § 135, had an exact counterpart in force when the CCPA decided In re Allen. Rev.Stat. § 4904, as amended, 53 Stat. 1212 (1939). This statute clearly makes no distinction between the two routes for review, nor does reason suggest why any such distinction should be made.

I would therefore hold that the Commissioner of Patents does not have jurisdiction to issue a patent until after the termination of proceedings brought under 35 U.S.C. § 146.