HILL v GUY

Docket No. 92462. Submitted April 7, 1987, at Lansing. Decided May 22, 1987.

Rosemary Hill, individually and as personal representative of the estate of Larry A. Hill, deceased, brought an action for damages in Oakland Circuit Court against James Guy and James Mann, individually and doing business as Sashabaw Meadows Trailer Park. Plaintiff alleged that the deceased and others entered upon a 140-acre tract of undeveloped land owned by the defendants individually and swam in a pond located on that property. While swimming in that pond, deceased drowned. Plaintiff's complaint contained counts alleging general negligence and premises liability, nuisance per se and nuisance in fact. Defendants moved for summary disposition on the basis that there was no genuine issue of fact and that the recreational use statute barred plaintiff's action. Following further discovery and renewal of the motion for summary disposition, plaintiff filed an answer to the motion in which she admitted that she had not pled any operative facts that could be considered to be either gross negligence or evidence of gross negligence. The trial court, Gene Schnelz, J., granted defendants' motion. Plaintiff appealed.

The Court of Appeals held:

1. Since plaintiff's decedent entered upon the defendants' land for the purpose of swimming and paid no consideration to defendants for that use of the land, the recreational use statute applies and plaintiff can recover only if defendants acted with gross negligence or engaged in wilful and wanton misconduct.

2. Gross negligence requires a showing that a defendant who knows or should know of the precedent negligence of the plaintiff injures the plaintiff by his subsequent negligence. Since no act of subsequent negligence was alleged, there could be no gross negligence.

3. Wilful and wanton misconduct is made out only if the

REFERENCES

Am Jur 2d, Negligence §§ 99-107, 186.

Effect of statute limiting landowner's liability for personal injury to recreational user. 47 ALR4th 262.

conduct alleged shows an intent to harm or such indifference to whether harm will result as to be the equivalent of an intent to harm. The failure of defendants to post warning signs or fence off the pond does not amount to wilful and wanton misconduct.

4. The recreational use statute bars not only the general negligence count but also the nuisance counts.

Affirmed.

1. Negligence — Gross Negligence — Subsequent Negligence — Pleading.

A claim for gross negligence is not made out by a pleading in which there is no allegation of defendant's subsequent negligence.

2. Negligence — Wilful and Wanton Misconduct.

Wilful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does.

3. Negligence — Recreational Use — Attractive Nuisance.

The express provisions of the recreational use statute bar claims alleging common-law attractive nuisance grounded in a landowner defendant's ordinary negligence (MCL 300.201; MSA 13.1485).

*Stern & Field, P.C.* (by *S. Randall Field*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for defendants.

Before: M. J. Kelly, P.J., and Hood and E. F. Oppliger,* JJ.

Per Curiam. Plaintiff appeals as of right from an opinion and order granting defendants' amended motion for summary disposition and dismissing plaintiff's action pursuant to MCR 2.116(C)(10).

This cause of action arose from the drowning death of Larry Alan Hill, the husband of plaintiff,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Rosemary Hill, on August 1, 1982. On that date, decedent and a group of friends, including Cathy Saylor, went to the Clarkston Lakes Trailer Park, where Saylor lived, to play tennis and swim in the pool. Decedent took his two sons along. After playing tennis awhile, the group went to the pool but were told they could not swim in the pool because one of decedent's sons was wearing cutoffs instead of a swimsuit. Saylor then suggested that the group go swimming in one of two ponds which were located behind the trailer park. Saylor had swum in one of the ponds before.

The ponds were approximately an eighth of a mile behind Saylor's trailer. The ponds were on a 140-acre tract of land owned by defendants James L. Guy and James L. Mann. Guy and Mann also owned Sashabaw Meadows Trailer Park, which was near Clarkston Lake Trailer Park. The ponds were not on the land which contained Sashabaw Meadows Trailer Park, however. The land on which the ponds were located was purchased by Guy and Mann in 1976 and 1977, while the land on which Sashabaw Meadows Trailer Park was located was purchased by them in 1978 or 1979. Guy planned to develop the 140-acre tract on which the ponds stood, but the tract was vacant when the drowning occurred.

The group entered the pond. The group did not ask permission of anyone to enter the pond and did not take any flotation devices. Decedent wore sweat pants into the pond. There were no signs prohibiting swimming, and the area was not fenced. After they had been swimming awhile, Saylor went to the middle of the pond and called for decedent to join her. Decedent jumped in and started swimming toward her. After a couple of seconds, Saylor heard decedent cough, and turned and saw him coughing and sputtering "with his

shoulders up." Decedent told Saylor that he was choking on water, and he then began to gasp for breath. Decedent went under before anyone in the group could reach him. The police recovered decedent's body several hours later.

On May 8, 1984, plaintiff filed a wrongful death complaint against defendants. The first count alleged general negligence and premises liability, the second count alleged a nuisance per se, and the third count alleged a nuisance in fact. On June 4, 1985, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10), formerly GCR 1963, 117.2(3), asserting that there was no genuine issue of material fact and that the recreational use statute, MCL 300.201; MSA 13.1485, barred plaintiff's action. The motion was adjourned because plaintiff claimed that discovery was not complete since the individual defendants had not been deposed. Defendants then filed an amended motion for summary disposition on February 11, 1986, after defendants were deposed. On March 7, 1986, plaintiff filed an answer to the amended motion. In the answer, plaintiff admitted that she had not "pled any operative facts that can be considered either gross negligence or evidence of gross negligence."

On May 6, 1986, the court granted defendants' motion, holding that there was no dispute as to any material fact and plaintiff's action was barred by the recreational use statute.

A motion brought under MCR 2.116(C)(10) tests whether there is factual support for plaintiff's claim. A court in deciding such a motion must consider the pleadings, affidavits, depositions, admissions, and documentary evidence available to it and give the nonmoving party the benefit of every reasonable doubt. The motion must not be granted unless the court is satisfied that it is impossible to

support the claim at trial because of some deficiency which cannot be overcome. *Dzierwa v Michigan Oil Co,* 152 Mich App 281, 284-85; 393 NW2d 610 (1986). The real issue in this case is whether there is a genuine issue of material fact which would preclude application of the recreational use statute, MCL 300.201; MSA 13.1485, and its bar to plaintiff's action. The statute states:

> No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sight-seeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee.

Plaintiff's decedent and his companions did not pay a consideration to defendants to swim in the pond. Thus, plaintiff can recover only if defendants acted with gross negligence or wilful, wanton misconduct. Gross negligence occurs when a defendant, who knows or ought to know of the precedent negligence of the plaintiff, by his subsequent negligence, injures the plaintiff. *Gibbard v Cursan,* 225 Mich 311, 319; 196 NW 398 (1923); *Burnett v City of Adrian,* 414 Mich 448, 454; 326 NW2d 810 (1982). In the instant case, plaintiff admitted in her answer to defendants' amended motion for summary disposition that she had not "pled any operative facts that can be considered either gross negligence or evidence of gross negligence on the part of defendants." The trial court acknowledged this admission in its opinion and declined to rule on whether there was a factual issue of gross

negligence. Plaintiff now discusses the issue, alleging that decedent had been in the pond a sufficient length of time for defendants to arrive and supervise decedent or warn him of danger. As a general rule, questions not raised or ruled on by the lower court cannot be considered by this Court. *Bajis v City of Dearborn,* 151 Mich App 533, 536; 391 NW2d 401 (1986), lv den 426 Mich 874 (1986). Even were we to find that plaintiff is not precluded from raising the issue of gross negligence, we would still conclude that there is no genuine issue of material fact that defendants did not act with gross negligence. Defendants did nothing after decedent began swimming. In fact, it is undisputed that defendants were in Florida at the time. Thus, they did not commit negligent acts after decedent's act.

The other exception to the recreational use statute is wilful and wanton misconduct. The requirements of wilful and wanton misconduct are: (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. *Gibbard, supra,* p 322; *Burnett, supra,* p 455, n 2. Wilful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does. *Burnett, supra,* p 455. In the instant case, even if requirements (1) and (2) were met, requirement (3) was not. It would not be apparent to the ordinary mind that the result of not fencing off a pond or posting warning signs

would likely prove disastrous to another. There is no requirement in the law that the owner of property on which sits a pond fence it off, post warning signs, or equip it with safety devices. *Graham v Gratiot Co,* 126 Mich App 385; 337 NW2d 73 (1983), lv den 418 Mich 898 (1983).

Finally plaintiff claims that even if the recreational use statute applies, it should not bar her counts of nuisance per se and nuisance in fact. We disagree. In *Burnett, supra,* the Court held that a nuisance action could not be recognized concurrently with an action covered by the recreational use statute. 414 Mich 454, n 1, 481. This Court repeated this rule in *Graham.* 126 Mich App 391.

Affirmed.