## FORCHE v GIESELER

Docket No. 100170. Submitted May 10, 1988, at Lansing. Decided February 6, 1989.

On September 5, 1983, Richard G. Forche, while a social guest of Lawrence D. and Helen Gieseler at their cottage on Pleasant Lake, injured himself when he dove off a dock extending into the lake from the Gieselers' property. Forche brought an action against the Gieselers in the Jackson Circuit Court, alleging willful and wanton misconduct, gross negligence, and intentional nuisance. The court, James G. Fleming, J., dismissed all the claims, holding that plaintiff's familiarity and knowledge of the lake defeated any duty on defendants' part. Plaintiff appealed from the dismissal of the claims of gross negligence and willful and wanton misconduct.

The Court of Appeals *held:*

1. Since the recreational land use act does not apply to this case, plaintiff need only prove injury which is the proximate result of defendants' breach of their duty to plaintiff as a licensee. A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.

2. In a personal injury action by a licensee against a landowner, a determination that the licensee knew or should have

REFERENCES

Am Jur 2d, Negligence §§ 1128 *et seq.*; Premises Liability §§ 37, 62 *et seq.*

Effect of statute limiting landowner's liability for personal injury to recreational user. 47 ALR4th 262.

Modern status of the rule absolving a possessor of land of liability to those coming thereon for harm caused by dangerous physical conditions of which the injured party knew and realized the risk. 35 ALR3d 230.

known of the hazard is a factor in mitigation of the recoverable damages in accordance with comparative negligence principles, not a bar to the suit.

Reversed.

1. NEGLIGENCE — RECREATIONAL LAND USE ACT.

The recreational land use act applies to large tracts of undeveloped land which has recreational value, but not to urban, suburban, and subdivided lands (MCL 300.201; MSA 13.1485).

2. NEGLIGENCE — LICENSEES — SOCIAL GUESTS — DUTY.

A licensee is a person who is privileged to enter the land of another by virtue of the possessor's consent; a social guest is a licensee.

3. NEGLIGENCE — LANDOWNERS — LICENSEES.

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.

4. NEGLIGENCE — QUESTIONS OF FACT — COMPARATIVE NEGLIGENCE.

Once a standard of conduct is established, the reasonableness of an actor's conduct under that standard is generally a question for the factfinder, and this principal applies to a determination of comparative negligence.

5. NEGLIGENCE — LANDOWNERS — LICENSEES — COMPARATIVE NEGLIGENCE.

In a personal injury action by a licensee against a landowner, a determination that the licensee knew or should have known of the hazard is a factor in mitigation of the recoverable damages in accordance with comparative negligence principles, not a bar to the suit.

*St. Amant & Nolen* (by *Michael J. Nolen*), for plaintiff.

*Fordney, Cady & Prine, P.C.* (by *Andrew W. Prine*), for defendant.

Before: SULLIVAN, P.J., and WAHLS and T. E. JACKSON,* JJ.

T. E. JACKSON, J. Plaintiff appeals as of right from an order of the Jackson Circuit Court granting defendants' motion for summary disposition.

Plaintiff was eighteen years of age on September 5, 1983, and while visiting the defendants' cottage as a social guest on Pleasant Lake in Jackson County, Michigan, he dove head first from a dock extended into the lake from defendants' property. His head hit the lake bottom at a depth of three feet and the subsequent injury rendered him a quadriplegic. On April 28, 1986, plaintiff filed a three-count complaint alleging willful and wanton misconduct, gross negligence, and intentional nuisance.

In response to plaintiff's complaint, the defendants denied negligence and wrongdoing and moved to dismiss. The trial court dismissed the nuisance claim, and that disposition is not challenged on appeal. Defendants moved for summary disposition on the remaining counts. Following discovery proceedings, the trial court heard arguments on defendants' motion for summary disposition brought pursuant to MCR 2.116(C)(8). The court recognized the mislabeling of the rule but found that plaintiff was sufficiently apprised of the basis for the motion and therefore allowed defendants' motion to be treated as if properly labeled pursuant to MCR 2.116(C)(10).

The trial court determined that the threshold issue was whether the defendants owed a duty to this plaintiff who was a social guest and, thus, had the legal status of a licensee. Concluding from plaintiff's deposition testimony that plaintiff's fa-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

miliarity and knowledge of the lake defeated any duty by defendants, the circuit court granted defendants' motion for summary disposition.

We reverse.

Plaintiff's deposition testimony indicates that he was generally familiar with the Pleasant Lake area at the time of the accident. During his early childhood, plaintiff's parents had owned a cottage on the lake. When his parents sold the cottage after several years, plaintiff had continued to frequent the lake during summer weekend visits to his grandparents, who lived nearby. Plaintiff also had an uncle who owned a cottage on the lake, and he had swum at his uncle's dock on several occasions before the accident. Because of his general familiarity with the lake, plaintiff knew that the water depths vary at different points along the shore and that not all of the docks were suitable for diving.

It is undisputed that plaintiff was a nonpaying social guest at the time of the accident. At the time he made the dive, several persons were already in the water near the end of the dock, and plaintiff had not seen any of them stand up, or give any other indication that the water was shallow. Plaintiff testified that the wind created a rippling effect on the water which obscured its true depth. However plaintiff did not inquire as to the water's depth before he made the dive, and he had not seen anyone else enter the water.

Plaintiff announced his intention to dive through an inner tube positioned in the water while standing near the midpoint of the dock. Plaintiff then ran headlong off the end, his hands outstretched before him in a diving posture. Plaintiff was injured when his hands were caught by the tube, and his head passed through to the bottom.

When the circuit court issued its opinion and order of summary disposition, plaintiff's burden of pleading and proof was apparently governed by the recreational land use act (RUA), MCL 300.201; MSA 13.1485. See *Yahrling v Belle Lake Ass'n, Inc,* 145 Mich App 620, 628-629; 378 NW2d 772 (1985), rev'd 429 Mich 66, 80; 412 NW2d 213 (1987). The RUA states:

> No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful and wanton misconduct of the owner, tenant, or lessee.

Plaintiff accordingly alleged willful and wanton misconduct and gross negligence based on defendants' failure to post depth markers, warning signs, or to give actual warning of a hazard.

It is undisputed that plaintiff was a nonpaying social guest, and the circuit court also assumed that plaintiff's cause of action was subject to the RUA. However, in ruling on the motion the court purported to apply the common-law standard of care applicable to a possessor of land in relation to a licensee. See *Preston v Sleziak,* 383 Mich 442; 175 NW2d 759 (1970). The court then ruled that the defendants' duty of care to plaintiff was vitiated by the irresponsible nature of plaintiff's own conduct in connection with the accident; in its written opinion, the court stated:

> If in fact the Plaintiff did not know or have

reason to know of the condition and the risk involved when he dove from the defendants' dock, then some duty might have existed herein. But based on the Plaintiff's own testimony with regard to what he was attempting to do at the time of his injury, it is clear that the Defendants owed no duty to this particular Plaintiff.

Plaintiff testified that he had spent time during the summer months at Pleasant Lake since he had been nine years old. He acknowledged that he was aware that the depth of the water at a point 50 feet from shore, would vary in places along the shoreline (he in fact described the manner in which the lake bottom at the end of one particular dock had been made more suitable for diving). On the day in question, the Plaintiff did not inquire as to the depth at the end of the dock and saw no other person diving; he admits that he could not see down into the water due to wind and boating activity—he merely assumed that the water was deep enough for the type of dive he was attempting.

There is not evidence that the Plaintiff was injured by an unexpected hazard such as a large rock or an artificial improvement and none has been alleged.

Whether the landowner's conduct, then, is characterized as *gross negligence* or *wilful and wanton misconduct* becomes unimportant. Based on the undisputed facts of this case, no duty was owed to this particular Plaintiff who had testified that he knew that some docks on Pleasant Lake were too shallow to permit diving.

Based on this analysis, the court granted defendants' motion under MCR 2.116(C)(10). We disagree.

After plaintiff filed his claim of appeal, our Supreme Court held the RUA inapplicable to premises liability claims brought by social guests for recovery of personal injuries which occur in urban and suburban areas. *Wymer v Holmes,* 429 Mich

66; 412 NW2d 213 (1987). *Wymer* upsets a number of prior rulings by this Court, and drastically eases plaintiff's burden of pleading and proof in the instant case. Cf. *Hill v Guy,* 161 Mich App 519; 411 NW2d 757 (1987), and the cases cited therein; see also *Wright v Dudley,* 158 Mich App 154; 404 NW2d 217 (1986) (held no cause of action for gross negligence principles which traditionally obtain between the landowner and a licensee at common law). In assessing the factual sufficiency of plaintiff's claim under MCR 2.116(C)(10), this Court is obliged to accord plaintiff the benefit of any reasonable view of the deposition testimony which supports his claim. *Struble v Lacks Industries, Inc,* 157 Mich App 169, 172-173; 403 NW2d 71 (1986).

The circuit court's ruling confuses several principles of procedural and substantive law. Procedurally, the court's reliance on MCR 2.116(C)(10) is inappropriate, given its holding that defendants owed plaintiff no duty of care. If defendants owed plaintiff no duty of care, then plaintiff must have failed to state a claim upon which relief might be granted, and the appropriate basis for judgment was MCR 2.116(C)(8). See e.g. *Simonds v Tibbitts,* 165 Mich App 480; 419 NW2d 5 (1987). As a matter of substantive law, the court's assumption that plaintiff had the burden of pleading gross negligence or wilful and wanton misconduct under the RUA is difficult to square with its use of ordinary negligence principles from *Preston v Sleziak.* Moreover, the court's working assumptions that *Preston* defines the standard of care between a landowner and a licensee and that plaintiff was a licensee conflict with its holding that defendants owed no duty of care to plaintiff. Given these premises, plaintiff's status of a licensee must have given rise to the duty of care applicable to licensees as set forth in *Preston.*

The court's ruling that plaintiff's contributory negligence vitiated defendants' duty of care is erroneous. A plaintiff's contributory negligence has never vitiated a defendant's duty of care. Even under prior common law, contributory negligence only barred a plaintiff's right of recovery, notwithstanding the defendants' negligence. See e.g. *Vanderah v Olah,* 387 Mich 643, 660; 199 NW2d 449 (1972) (WILLIAMS, J., concurring). Under present law, a plaintiff's contributory negligence decreases the right of recovery on a comparative percentage basis, but does not bar the claim altogether. *Placek v City of Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), reh den 406 Mich 1119 (1979). In any event, a plaintiff's contributory negligence had never operated to vitiate a defendant's duty of care.

In *Wymer, supra,* our Supreme Court reaffirmed the standard of care between a landowner and a social guest as set forth in *Preston, supra.* In a footnote, the *Wymer* Court observed:

> A "licensee" is a person who is privileged to enter the land of another by virtue of the possessor's consent, without more. Although a social guest is normally invited, he is not an "invitee" within the legal meaning of that term. Court decisions thus far have been all but unanimous to the effect that the social guest, however cordially invited and urged to come, is no more than a licensee. *Preston v Sleziak,* 383 Mich 442; 175 NW2d 759 (1970). A landowner only owes a licensee a duty to *warn* the licensee of any hidden dangers he knows or has reason to know of, if the licensee does not know or has no reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit. Prosser & Keeton, Torts (5th ed), § 50; Restatement Torts, 2d, §§ 330, 342. [429 Mich 71, n 1.]

*Preston* adopted the principles set forth in 2 Restatement Torts, 2d, § 342, p 210:

> A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
>
> (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
>
> (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> (c) the licensees do not know or have reason to know of the condition and the risk involved. [*Preston, supra,* p 453.]

The circuit court's determination that *Preston* defines the scope of the defendant's duty in the instant case is correct. But the court's negation of defendants' duty based on its finding of contributory negligence on plaintiff's part is incorrect.

Once a standard of conduct is established, the reasonableness of an actor's conduct under that standard is generally a question for the factfinder, not the court. This principle applies to the determination of a plaintiff's contributory negligence and to what extent such negligence may decrease the recovery. *Murphy v Muskegon Co,* 162 Mich App 609, 615; 413 NW2d 73 (1987). Accordingly, the trial judge's determination that plaintiff was contributorily negligent should not have operated to deprive plaintiff of a trial of his claim against defendants. Unless the undisputed facts preclude a finding that defendants breached the standard of care which they owed plaintiff as a licensee under *Preston, supra,* plaintiff is entitled to a trial of his claim notwithstanding any contributory negligence which may or may not be apparent on the record.

The *Preston* standard speaks to the ultimate issue of a landowner's liability, not to the component issue of a landowner's negligence. The inquiry under Restatement of Torts, 2d, § 342(c) (whether a licensee knew or had reason to know of the condition or risk involved) essentially calls for a determination of contributory negligence. In view of this Court's adoption of comparative negligence principles after *Preston,* see *Placek, supra,* a determination under § 342(c), even if adverse to the injured licensee, should not bar the suit. Instead, a determination that the licensee knew or should have known of the hazards should be a factor in mitigation of the recoverable damages in accordance with prevailing comparative negligence principles. In any case, since a determination of the plaintiff's contributory negligence is factual in nature, it should not be made by the court at the summary disposition phase. *Murphy, supra,* p 615.

Plaintiff is entitled to a trial under the *Preston* standard. According to *Wymer, supra,* a landowner is obliged to warn a licensee "of any hidden dangers he knows or has reason to know of, if the licensee does not know or has no reason to know of the dangers involved." Taken in a light most favorable to the nonmoving party, the record indicates that the depth of the water at the defendants' dock involved an unreasonable risk of harm to their licensees, which defendants should not have left undisclosed, to be discovered by the licensees at their peril. Restatement of Torts, 2d, § 342(a). The deposition testimony would also support a finding that defendants breached an affirmative duty to warn persons in plaintiff's position that diving from their dock was unsafe. The reasonableness and the extent of the defendants' efforts to obviate this hazard by appropriate warnings is an unsettled factual issue. To hold other-

wise would be to impose on licensees an affirmative duty to inquire as to latent hazards, and to hold that a licensee's failure to do so is negligence of such a degree as to amount to an intervening proximate cause of any ensuing injury. After *Placek*, the fact and the extent of a licensee's contributory negligence should be for the jury to determine at the damages phase, under comparative negligence principles.

Finally, it is noteworthy that plaintiff's pleadings require amendment before trial on remand. Plaintiff framed his pleadings under the stricter legal standards which prevailed under the weight of case authority before our Supreme Court issued its ruling in *Wymer v Holmes, supra.* After *Wymer,* the RUA standards do not apply to plaintiff's claim. However, at the time *Wymer* was issued, the instant appeal was already pending in this Court. Thus, plaintiff has not had an opportunity to conform his pleadings to the change in controlling law since *Wymer.* As the pleadings stand, plaintiff could not prevail under the gross negligence and wilful misconduct theories pled. On remand, plaintiff should be afforded an opportunity before trial to amend his pleadings in accordance with the *Preston* standards.

The circuit court's holding that plaintiff's contributory negligence dispelled any triable issue of material fact is erroneous. Plaintiff is entitled to a trial of his claim under the traditional common-law negligence principles applicable to landowners and their licensees. The fact and the extent of plaintiff's contributory negligence should be determined by the jury and should be applied to reduce the recoverable damages in accordance with comparative negligence principles. Also, on remand plaintiff should be afforded an opportunity to con-

form his pleadings to a change in the case law which has occurred during the pendency of this appeal.

Reversed.