ACKERBERG *v.* MUSKEGON OSTEOPATHIC HOSPITAL.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
    The Supreme Court views the facts in the light most favorable to plaintiff, where the trial judge grants defendant's motion for a directed verdict at the conclusion of plaintiff's proofs.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 886.
[2] 38 Am Jur, Negligence § 97.
[3] 38 Am Jur, Negligence § 345.
[4, 5] 26 Am Jur, Hospitals and Asylums § 12.
    Hospital's liability to visitor injured as result of condition of exterior walks, steps or grounds. 71 ALR2d 427.

2. NEGLIGENCE—BUSINESS VISITOR.

A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them.

3. SAME—QUESTION FOR TRIER OF FACTS.

The determination of whether or not a defendant is negligent is a matter for the jury when a given state of facts is such that reasonable men may fairly differ upon the question and only where the facts are such that all reasonable men must draw the same conclusion from them may the question of negligence ever be considered as one of law for the court.

4. SAME—QUESTION FOR JURY—GUARD AROUND REAR PLATFORM AT HOSPITAL EMERGENCY ENTRANCE.

Whether or not defendant hospital had a duty to construct a guard or protection around the rear platform which was used by the general public entering and leaving the emergency entrance of the hospital in an excited state *held*, a question of fact for the jury in an action by plaintiff, a business visitor.

5. SAME — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY — REAR PLATFORM AT HOSPITAL EMERGENCY ENTRANCE.

Whether or not plaintiff business invitee was guilty of contributory negligence in falling from unguarded 5' x 16' rear platform at defendant hospital's emergency entrance *held*, a question of fact for the jury, where evidence shows plaintiff had first used the platform when he came to the hospital and returned to it after feeling in need of fresh air because of dizziness from strong odors and injury to his child whom he had brought to the place.

Appeal from Muskegon; Davis (Morris K.), J., presiding. Submitted January 11, 1962. (Docket No. 74, Calendar No. 49,258.) Decided May 18, 1962.

Case by Walter Ackerberg against Muskegon Osteopathic Hospital, a Michigan corporation, for personal injuries sustained in fall from emergency entrance platform. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Edward C. Wilson* and *John S. White,* for plaintiff.

*Cholette, Perkins & Buchanan* (*Edward D. Wells,* of counsel), for defendant.

KAVANAGH, J.  Plaintiff sued defendant hospital for damages growing out of certain injuries he received on October 23, 1958, as a result of falling from a platform located in front of the emergency entrance to defendant hospital.

The case was tried by a jury and a directed verdict was entered against plaintiff by the trial judge at the close of plaintiff's proofs.

The question on appeal is, should the court have granted a motion for a directed verdict against plaintiff of no cause of action at the conclusion of plaintiff's case?

Plaintiff had been in the emergency room of defendant hospital securing medical attention for his small daughter, who had fallen in her home and cut her head on an ash tray.  Plaintiff, accompanied by his wife and a Mr. Weaver, drove the child to defendant hospital.  They entered through the emergency entrance and were directed to the emergency room.  Plaintiff, his wife and daughter entered the room.  He testified that as a result of a strong odor in this room and the injury to the child, after 4 or 5 minutes he became nauseated and a little dizzy.  Feeling the need for fresh air, plaintiff walked out through the emergency entrance on to the rear platform.  Plaintiff alleged that because of his dizzy condition he fell sideways from the rear platform.  This platform is approximately 16 feet long and extends approximately 5 feet out from the rear wall of the hospital.  The height of the platform is variously stated in the record as from 23 to 36 inches.  Plaintiff landed on the pavement and sustained a fractured skull and other injuries.

Plaintiff claims his injuries resulted from the failure of defendant hospital to construct a guard railing, chain or other form of protection on the platform.

The trial court, in granting the motion for directed verdict, based his opinion on the belief that no testimony or exhibits, which were pictures of the platform and ramp, showed any duty on the part of the hospital to put a guard rail or other type of protection around the platform. The trial judge stated, since the plaintiff failed to show such a duty or a breach thereof on the part of defendant, no negligence existed. The trial judge also felt that plaintiff knew the condition of the ramp and platform, having used it on entering the hospital. The court believed the plaintiff had not exercised reasonable care in leaving the anteroom and going out on the platform when he was dizzy and light-headed. The court concluded the proofs in and of themselves showed contributory negligence on the part of plaintiff.

Defendant admits in the record that plaintiff was a business invitee and that the hospital owed a duty to its invitees to maintain its premises in a reasonably safe condition and to exercise due care to prevent the existence of a situation known to it, or which should have been known to it, that might result in injury to a business invitee.

Where the trial judge grants defendant's motion for a directed verdict at the conclusion of plaintiff's proofs, we view the facts in the light most favorable to plaintiff. *White* v. *Herpolsheimer Co.*, 327 Mich 462 (26 ALR2d 667); *Goldsmith* v. *Cody*, 351 Mich 380; *Nash* v. *Lewis*, 352 Mich 488.

2 Restatement of the Law of Torts, Negligence, under title of "business visitors," § 343, sets forth the following standard of care which we believe is applicable here:

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them."

The most satisfactory statement of the rule for such a case, and the one easiest to comprehend and apply, is that given by the supreme court in *Grand Trunk R. Co.* v. *Ives,* 144 US 408 (12 S Ct 679, 36 L ed 485) arising out of a controversy in this jurisdiction, where it is stated (p 417):

"When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them, that the question of negligence is ever considered as one of law for the court."

In *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99, Justice Cooley said (p 120):

"The case, however, must be a very clear one which would justify the court in taking upon itself this responsibility. For, when the judge decides that a want of due care is not shown, he necessarily fixes in his own mind the standard of ordinary prudence, and, measuring the plaintiff's conduct by that, turns him out of court upon his opinion of what a reasonably prudent man ought to have done under the circumstances. He thus makes his own opinion of what would be generally regarded as prudence a definite rule of law. It is quite possible that, if the same question of prudence were submitted to a jury collected from the different occupations of society, and perhaps better competent to judge of the common opinion, he might find them differing with him as to the ordinary standard of proper care.

The next judge trying a similar case may also be of a different opinion, and, because the case is not clear, hold that to be a question of fact which the first has ruled to be one of law. Indeed, I think the cases are not so numerous as has been sometimes supposed in which a judge could feel at liberty to take the question of the plaintiff's negligence away from the jury."

Justice TALBOT SMITH, writing in *McKinney* v. *Yelavich,* 352 Mich 687, 692, said:

"Only under the most extreme circumstances, those, in fact, where reasonable minds could not differ upon the facts, or the inferences to be drawn therefrom, can the case be taken from the jury. If honest differences of opinion between men of average intelligence might exist, the issue should not be resolved by the court alone."

The test, then, in the instant case is, would all reasonable men agree as to whether or not defendant hospital had a duty to construct a guard or protection around the rear platform which was used by the general public entering and leaving the emergency entrance of the hospital in an excited state.

The declaration alleges that defendant hospital knew or ought to have known that people using the emergency entrance would be under the strain of physical and emotional shock and, in the exercise of reasonable care, should have provided a guard of some type on this platform.

We think when situations such as this arise, considering the attendant excitement and the mental and emotional condition of the individuals entering and leaving an emergency entrance to a hospital, reasonable men might differ as to whether or not there was a necessity for the construction of a guard rail to protect those on or about the platform as business invitees.

*Nash* v. *Lewis,* 352 Mich 488; *Bisceglia* v. *Cunningham Drug Stores,* 350 Mich 159; *Yearsley* v. *City Bank,* 361 Mich 574; and the other cases relied upon by defendant hospital in support of its position, are distinguishable from the instant case. In each of those cases there was a question whether sufficient time had intervened so the defendant property owner had actual knowledge of the claimed defect or whether any defect was shown.

We do not decide in this case that plaintiff is entitled to recovery, but merely that there is a question of fact as to defendant's negligence which should be submitted to a jury.

The trial judge in his opinion indicated he had reached the conclusion plaintiff was guilty of contributory negligence. Reasonable men might differ as to whether plaintiff, under the circumstances, was guilty of contributory negligence in failing to observe the platform was without protection.

We conclude, therefore, under the circumstances in this case, that the court erred in granting the motion for directed verdict.

The order granting the motion for a directed verdict is reversed and the case is remanded for new trial. Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.