PRESSLEY v BRUCE POST VFW MEMORIAL HOME, INC

Docket No. 108449. Submitted July 18, 1990, at Detroit. Decided October 15, 1990. Leave to appeal applied for.

Otis Pressley, while fishing from a seawall maintained by Bruce Post V.F.W. Memorial Home, Inc., and Corp. Walter F. Bruce Post 1146 Veterans of the Foreign Wars of the United States, fell from the seawall and injured himself after tripping on a metal spike protruding from the seawall. Pressley brought a premises liability action in Macomb Circuit Court against the two entities which maintained the seawall and allowed him to fish from the seawall on the day of the accident and for a period prior to the accident. At trial before a jury, defendants moved for a directed verdict, arguing that because the metal spike was an open and obvious danger they owed no duty to plaintiff. The trial court, Frederick D. Balkwill, J., denied the motion. The jury returned a verdict in favor of plaintiff, assessing damages at $10,000, but reducing the award to $5,000, finding plaintiff to have been fifty percent comparatively negligent. Defendants appealed.

The Court of Appeals *held:*

An owner or possessor of land cannot be absolved of liability to an invitee or licensee for injury caused by a dangerous condition on the land merely on the basis that the dangerous condition was known or obvious to the invitee or licensee at the time of injury.

Affirmed.

SAWYER, J., dissented and would hold that no further duty is owed by a possessor of land to an invitee or licensee once the invitee or licensee is aware of the alleged dangerous condition. Judge Sawyer would reverse and remand for entry of a judgment of no cause of action.

REFERENCES

Am Jur 2d, Premises Liability §§ 156, 166, 180, 406.

Modern status of the rule absolving a possessor of land of liability to those coming thereon for harm caused by dangerous physical conditions of which the injured party knew and realized the risk. 35 ALR3d 230.

Negligence — Invitees — Licensees — Known or Obvious Dangers.

An owner or possessor of land cannot be absolved of liability to an invitee or licensee for injury caused by a dangerous condition on the land merely on the basis that the dangerous condition was known or obvious to the invitee or licensee at the time of injury.

*Mancini, Schreuder, Kline & Conrad, P.C.* (by *Ellen G. Schreuder*), for plaintiff.

*Franklin, Bigler, Berry & Johnston, P.C.* (by *Steven C. Berry*), for defendants.

Before: SHEPHERD, P.J., and SAWYER and McDONALD, JJ.

SHEPHERD, P.J. Defendants appeal from a judgment of the circuit court entered in favor of plaintiff following a jury trial in the amount of $5,000 on a premises liability claim. The jury had awarded $10,000 in damages but reduced it after it found plaintiff fifty percent negligent. We affirm.

Plaintiff was injured when he fell from a seawall maintained by defendants. Plaintiff apparently tripped on a metal spike protruding from the seawall. Plaintiff had used the seawall for fishing over a period of time with the knowledge and approval of defendants.

The danger in this case, the exposed metal spike, was open and obvious. This was established by plaintiff's admission that he was aware of the spike's existence. He had, in fact, previously tried without success to remove it.

We believe that this case is controlled by *Riddle v McLouth Steel Products Corp*, 182 Mich App 259; 451 NW2d 590 (1990). In *Riddle* this Court reasoned that, if the encounter with a known or obvious danger has the effect of excusing the landowner's duty, we would be back to the doctrine of

contributory negligence as an absolute bar to recovery. We agree with *Riddle.*

Affirmed.

McDONALD, J., concurred.

SAWYER, J. *(dissenting).* I respectfully dissent.

Defendants claim that the trial court erred in not granting a directed verdict in favor of defendants on the basis that no duty was owed plaintiff or that any duty owed was complied with. I agree. There is no duty owed an invitee concerning open and obvious dangers, as the Supreme Court explained in *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 500; 418 NW2d 381 (1988):

> The duty a possessor of land owes his invitees is not absolute, however. *It does not extend* to conditions from which an unreasonable risk cannot be anticipated or *to dangers so obvious and apparent that an invitee may be expected to discover them himself.* [Emphasis added.]

The fact that the danger in this case, an exposed metal spike on a pier, was open and obvious was established by plaintiff's admission that he was aware of the spike's existence. He had, in fact, previously tried, without success, to remove the spike.

A similar result is reached if plaintiff was a licensee rather than an invitee. The duty owed to a licensee was stated in *Preston v Sleziak,* 383 Mich 442, 453; 175 NW2d 759 (1970):

> The duty which occupiers of land owe their licensees is best expressed by 2 Restatement of Torts (2d), § 342, p 210:
> "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

"(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

"(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

"(c) *the licensees do not know or have reason to know of the condition and the risk involved.*" [Emphasis added.]

Thus, again, defendants owed no duty to plaintiff since he was aware of the danger.

I recognize that this Court recently held that the doctrine of no duty to warn invitees of open and obvious dangers did not survive the adoption of comparative negligence. See *Riddle v McLouth Steel Products Corp,* 182 Mich App 259; 451 NW2d 590 (1990). However, unlike my colleagues in the majority, I conclude that *Riddle* was incorrectly decided.

First, and foremost, the Supreme Court reiterated the open and obvious dangers doctrine as recently as 1988 in *Williams, supra,* some nine years after adopting comparative negligence in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).[1] Second, it is for the Supreme Court, not this Court, to overrule Supreme Court precedent. See *People v Mitchell,* 428 Mich 364, 369-370; 408 NW2d 798 (1987). Third, considerations of stare decisis aside, comparative negligence does not itself directly involve issues of duty or breach of duty. Rather, it deals with the proper and just apportionment of fault, and responsibility, where both the plaintiff and the defendant are

[1] Similarly, the Standard Jury Instructions continue to instruct juries that a possessor of land's duty is discharged by warning his invitee or licensee of a dangerous condition. See SJI2d 19.03 and SJI2d 19.06.

negligent. Comparative negligence does not, however, create negligence where none existed before that doctrine was adopted. That is, the adoption of comparative negligence did not create duties where none existed before.

Rather, the more fundamental question is what duty is owed by a possessor of land to his invitees and licensees. Our Supreme Court has long held that no further duty is owed by a possessor of land to an invitee or licensee once the invitee or licensee is aware of the alleged dangerous condition. The Supreme Court's having defined the duty, it is for the Supreme Court, and not this Court, to redefine that duty, if a redefinition is even in order.[2] For the same reasons, I disagree with a similar conclusion by this Court in *Forche v Gieseler,* 174 Mich App 588; 436 NW2d 437 (1989), which involved a licensee.

Accordingly, I would hold that the trial court erred in denying defendants' motion for directed verdict and would remand the matter to the trial court with instructions to enter a judgment of no cause of action in favor of defendants.

[2] Unlike my colleagues in *Riddle, supra,* and *Forche v Gieseler,* 174 Mich App 588; 436 NW2d 437 (1989), I am not inclined to redefine the land possessor's duty even if it were our prerogative to do so. At some point an individual must assume responsibility for his own conduct. So long as an invitee or licensee is aware of a dangerous condition, be it by a warning from the possessor of land or by his own observation, he can act to avoid injury and should be charged with the sole responsibility of acting to avoid an injury due to the risk of which he is now aware.