NOVOTNEY v BURGER KING CORPORATION (ON REHEARING)

Docket No. 116731. Submitted June 6, 1990, at Lansing. Decided May 6, 1991, at 9:25 A.M. Leave to appeal sought.

Luella J. Novotney and Ernest Novotney brought a negligence action in the Oakland Circuit Court against Burger King Corporation and R & G Quality Foods, seeking damages for injuries sustained by Luella J. Novotney, an invitee, when she slipped and fell on a handicap access ramp at the defendants' restaurant. The court, Robert L. Templin, J., granted summary disposition for the defendants, ruling that the ramp was an open and obvious danger on the defendants' premises of which they owed no duty to warn their invitees. The Court of Appeals initially affirmed in an unpublished opinion per curiam, decided October 3, 1990 (Docket No. 116731), but later granted the plaintiffs' motion for a rehearing.

On rehearing, the Court of Appeals *held:*

A possessor of land cannot be absolved of liability to an invitee for injury caused by a dangerous condition on the land merely on the basis that the dangerous condition was known or obvious to the invitee at the time of injury. The invitee's knowledge of the dangerous condition *is* properly *considered as* it relates to the invitee's negligence and mitigation of damages in accordance with comparative negligence principles.

Reversed.

SAWYER, P.J., dissenting, stated that a possessor of land owes no duty to an invitee with respect to an open and obvious danger, that is, a condition of the land of which the invitee is aware *or of which the invitee can* reasonably be expected to be aware, and that the ramp in this case constituted an open and obvious condition for which the defendants owed no duty to the plaintiffs.

NEGLIGENCE — INVITEES — KNOWN OR OBVIOUS DANGERS.

A possessor of land cannot be absolved of liability to an invitee

REFERENCES
Am Jur 2d, Premises Liability §§ 396, 406.
Modern status of rules conditioning landowner's liability upon status of injured party as invitee, licensee, or trespasser. 22 ALR4th 294.

for injury caused by a dangerous condition on the land merely on the basis that the dangerous condition was known or obvious to the invitee at the time of injury.

*Law Offices of Samuel I. Bernstein* (by *Edmund O. Battersby*), for the plaintiffs.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Barbara A. Rush*), for the defendants.

ON REHEARING

Before: SAWYER, P.J., and MICHAEL J. KELLY and MURPHY, JJ.

MURPHY, J. We granted rehearing of this appeal to reconsider the circuit court's order granting summary disposition in favor of defendants. We now reverse.

This is a negligence case arising out of a fall that occurred on defendants' premises. Plaintiffs were business invitees at defendants' restaurant and, while leaving the restaurant, plaintiff Luella Novotney, an elderly woman, slipped on a ramp directly adjacent to the sidewalk coming out of the restaurant and is alleged to have fractured and severely sprained her left ankle. The ramp was a handicap access ramp, apparently the same color and made up of the same materials as the adjacent sidewalk, and gradually declined on its sides to the level of the parking lot. Plaintiff testified at deposition that she did not realize that the ramp gradually declined and that she lost her balance when her foot came down lower than she expected. It was claimed that the ramp's gradual slope down to the parking lot caused her to fall and fracture her ankle. At the hearing on the motion for summary disposition, plaintiffs presented the affidavit of

their construction safety expert, who opined that the ramp was defective in that it was improperly designed or maintained. The trial court, in granting defendants summary disposition, concluded that the nature of the ramp and any danger presented by the ramp was open and obvious.

The question presented by the trial court's conclusion in this case is whether plaintiffs' claim fails because there is no duty to warn a business invitee of an open and obvious danger.

Although it has been stated that the occupier of land is not an insurer of the safety of the invitee, there remains the basic duty to exercise reasonable care for the protection of the invitee. *Kroll v Katz,* 374 Mich 364, 373; 132 NW2d 27 (1965); *Powers v Huizing,* 9 Mich App 437, 441; 157 NW2d 432 (1968); Prosser & Keeton, Torts (5th ed), § 61, p 425. This is so because there is an implied representation made by the occupier of the land to the invitee that it has been prepared for the invitee's reception. Prosser & Keeton, 422. Thus, the land must be reasonably safe for the visit. *Torma v Montgomery Ward & Co,* 336 Mich 468; 58 NW2d 149 (1953). The duty of the possessor of land to an invitee is adequately set forth in a standard jury instruction, SJI2d 19.03.

Defendants rely on *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), for the proposition that an occupier of land does not owe a duty with respect to dangers which are so obvious and apparent that the invitee may be expected to discover them himself. Although such dicta does appear in *Williams,* we do not read the holding in *Williams* to stand for that proposition. Unlike this case, *Williams* did not deal with a claimed physical defect in the business owner's premises. Further, the issue addressed in *Williams* was a limited one, to-wit, "whether a merchant's

duty to exercise reasonable care includes providing armed, visible security guards to protect invitees from the criminal acts of third parties." *Id.,* 500. We conclude that *Williams* is neither factually nor legally controlling.

Recently, however, this Court did examine the application of the so-called "no duty to warn of an open and obvious danger rule" in a premises liability case. In *Riddle v McLouth Steel Products Corp,* 182 Mich App 259, 263-266; 451 NW2d 590 (1990), this Court held that the no-duty rule should be abolished in Michigan, stating in part:

> We believe that the no-duty rule, like assumption of the risk, should be abolished in Michigan. See *Felgner v Anderson,* 375 Mich 23, 54; 133 NW2d 136 (1965). Both the invitee and invitor have a duty to exercise reasonable care under hazardous circumstances. Public policy supports apportionment of damages according to fault. Therefore, the invitee's knowledge of a dangerous condition is properly considered as it relates to the invitee's negligence and mitigation of damages in accordance with comparative negligence principles. See, e.g., *Forche v Gieseler,* 174 Mich App 588, 597; 436 NW2d 437 (1989). The obviousness of the danger may relate to the negligence of both the invitor and the invitee. However, it does not automatically absolve the invitor of liability. [*Id.,* 266.]

See also *Pressley v VFW Memorial Home, Inc,* 185 Mich App 709; 462 NW2d 830 (1990). We are in agreement with *Riddle* and *Pressley.*

A rule of law which provides that a business invitor who creates or allows an open and obvious danger on his premises has no duty to its invitees to correct it because it is open and obvious is not rational. Rather, questions concerning the conduct of the invitee and the obviousness of the danger as

they relate to whether either the invitor or the invitee, or both, were negligent are better resolved by the trier of fact. *Riddle, supra.* Cf. *Quinlivan v Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244, 261; 235 NW2d 732 (1975) (the hazards of snow and ice accumulation are not obvious to all; the invitee's conduct was relevant in the context of contributory negligence).

In the present case, plaintiffs were able to establish questions of fact concerning whether the handicap access ramp was defective and whether the hazard created by the ramp was open and obvious. Therefore, summary disposition was inappropriate.

Reversed and remanded.

Michael J. Kelly, J., concurred.

Sawyer, P.J. *(dissenting).* I respectfully dissent.

In our original opinion, we affirmed the grant of summary disposition, concluding that there was no genuine issue of material fact with respect to the issue whether the danger was open and obvious.[1] My colleagues are now willing to grant rehearing and conclude that the open and obvious danger doctrine is no longer viable in light of the adoption of comparative negligence.[2] I am not.

I recognize that the majority's decision is consistent with a number of recent decisions of this Court. See *Pressley v VFW Memorial Home, Inc,*

---

[1] Judge Murphy, however, dissented, concluding that there was a genuine issue of material fact.

[2] In fact, the majority declares the open and obvious danger doctrine to be irrational:

> A rule of law which provides that a business invitor who creates or allows an open and obvious danger on his premises has no duty to its invitees to correct it because it is open and obvious is not rational. [*Ante* at 708.]

185 Mich App 709; 462 NW2d 830 (1990); *Riddle v McLouth Steel Products Corp,* 182 Mich App 259; 451 NW2d 590 (1990); *Forche v Gieseler,* 174 Mich App 588; 436 NW2d 437 (1989). I also recognize that these cases were incorrectly decided and are directly contradictory to the well-developed law of this state and centuries of tort law.

I was a member of the panel which decided *Pressley, supra,* and vigorously objected to the conclusion that the adoption of comparative negligence somehow magically increased a landowner's duty to his invitees and licensees:

First, and foremost, the Supreme Court reiterated the open and obvious dangers doctrine as recently as 1988 in *Williams* [*v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988)] some nine years after adopting comparative negligence in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979). Second, it is for the Supreme Court, not this Court, to overrule Supreme Court precedent. See *People v Mitchell,* 428 Mich 354, 369-370; 408 NW2d 798 (1987). Third, considerations of stare decisis aside, comparative negligence does not itself directly involve issues of duty or breach of duty. Rather, it deals with the proper and just apportionment of fault, and responsibility, where both the plaintiff and the defendant are negligent. Comparative negligence does not, however, create negligence where none existed before that doctrine was adopted. That is, the adoption of comparative negligence did not create duties where none existed before.

Rather, the more fundamental question is what duty is owed by a possessor of land to his invitees and licensees. Our Supreme Court has long held that no further duty is owed by a possessor of land to an invitee or licensee once the invitee or licensee is aware of the alleged dangerous condition. The Supreme Court's having defined the duty, it is for the Supreme Court, and not this Court, to redefine that duty, if a redefinition is even in

order. [*Pressley, supra* at 712-713 (Sawyer, J., dissenting).]

The majority in the case at bar repeats the mistake of these prior cases: it confuses the concept of duty with the doctrine of comparative negligence and reaches the erroneous conclusion that comparative negligence can somehow change the nature of the duty owed. In order to establish that a defendant is liable in a negligence action, it must be shown that the defendant owed a legal duty to the plaintiff and that he breached that duty. *Roulo v Automobile Club of Michigan,* 386 Mich 324, 328; 192 NW2d 237 (1971). It therefore necessarily follows that if the defendant does not owe the plaintiff a duty, or did not breach a duty which was owed, the defendant is not negligent.

If the defendant is not negligent, it also necessarily follows that comparative negligence is not an issue. That is, if the defendant is not negligent, then there is obviously no negligence of the defendant to compare with the plaintiff's own negligence. Rather, the only explanations available are that the plaintiff's injuries were due to the plaintiff's own negligence, to the negligence of a third party, or to a pure accident which was not the fault of anybody. In any event, absent negligence by the defendant, there is no liability of the defendant.

Thus the question which must be addressed in the case at bar is the nature of the duty owed by defendants to plaintiff. That is, what is the duty owed by a possessor of land to his invitees? The duty owed by a possessor of land to his invitees is black-letter law and is set forth in 2 Restatement Torts, 2d, § 343, pp 215-216:

A possessor of land is subject to liability for

physical harm caused to his invitees by a condition
on the land if, but only if, he

(a) knows or by the exercise of reasonable care
would discover the condition, and should realize
that it involves an unreasonable risk of harm to
such invitees, and

(b) should expect that they will not discover or
realize the danger, or will fail to protect them-
selves against it, and

(c) fails to exercise reasonable care to protect
them against the danger.

It is also black-letter law that a possessor of land
is not liable for known or obvious dangers:

A possessor of land is not liable to his invitees
for physical harm caused to them by any activity
or condition on the land whose danger is known or
obvious to them, unless the possessor should antic-
ipate the harm despite such knowledge or obvious-
ness. [2 Restatement Torts, 2d, § 343A, p 218.]

The comment in the Restatement further explains
this limitation of the landowner's liability:

Reasonable care on the part of the possessor
therefore does not ordinarily require precautions,
or even warning, against dangers which are
known to the visitor, or so obvious to him that he
may be expected to discover them.
Illustration:
1. The A company has in its store a large front
door, made of heavy plate glass. The door is well
lighted and plainly visible, and its existence is
obvious to any person exercising ordinary atten-
tion and perception. B, a customer in the store,
while preoccupied with his own thoughts, mistakes
the glass for an open doorway, and runs his head
against it and is injured. A company is not liable
to B. [2 Restatement Torts, 2d, § 343A, comment e,
pp 219-220.]

The open and obvious danger doctrine is also

discussed in Prosser & Keeton, Torts (5th ed), § 61, p 427:

> Likewise, in the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent that he may reasonably be expected to discover them. Against such conditions it may normally be expected that the visitor will protect himself.

Further, this principle has been recognized by the Supreme Court as recently as its decision in *Williams, supra* at 500:

> The duty a possessor of land owes his invitees is not absolute, however. It does not extend to conditions from which an unreasonable risk cannot be anticipated or to dangers so obvious and apparent that an invitee may be expected to discover them himself.

Even if the majority is correct that this observation in *Williams* is dicta, and therefore not binding, the majority fails to acknowledge that the principle espoused in *Williams* has been long established in the law. *Williams* reflects that the Supreme Court, unlike the majority in the case at bar, is willing to acknowledge that fact.

While it does not appear that the Supreme Court has clearly adopted § 343A of the Restatement in a case other than *Williams,* it did embrace the general standard of the duty owed to an invitee under § 343 of the first Restatement in *Ackerberg v Muskegon Osteopathic Hosp,* 366 Mich 596, 599-600; 115 NW2d 290 (1962). Similarly, it looked to § 343 of the second Restatement in the case relied upon by the majority, *Quinlivan v Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244, 258-

261; 235 NW2d 732 (1975).[3] Furthermore, the Court adopted § 342 of the Restatement in *Preston v Sleziak,* 383 Mich 442, 453; 175 NW2d 759 (1970), in defining the duty owed by a possessor of land to a licensee, including the proposition that there is no duty owed if the licensee knows or has reason to know of the condition involved. It is, therefore, clear to me that the open and obvious danger doctrine is part of the jurisprudence of this state as adopted by the Supreme Court. As such, the majority lacks the authority to rule otherwise. *Mitchell, supra* at 369-370.

Alternatively, even if it can be concluded that

---

[3] The reliance by the majority on *Quinlivan, supra,* is curious. The majority opinion states:

> Rather, questions concerning the conduct of the invitee and the obviousness of the danger as they relate to whether either the invitor or the invitee, or both, were negligent are better resolved by the trier of fact. *Riddle, supra.* Cf. *Quinlivan v Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244, 261; 235 NW2d 732 (1975). [*Ante* at 708–709.]

How *Quinlivan* supports this proposition is unclear inasmuch as comparative negligence was not adopted in Michigan until more than three years later in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979). *Quinlivan, supra* at 261, states that the invitee's conduct will often be relevant in the context of *contributory* negligence. *Quinlivan* concluded that ice and snow hazards are not obvious to all and an invitor must exercise reasonable care to diminish these hazards. Thus, the Court found that a duty on the part of the defendant existed under the facts of that case, not that the comparative negligence doctrine applied. In fact, *Quinlivan* stands in opposition to the majority's position, not in support of it.

Further, while the majority is correct that the obviousness of a danger is a question for the trier of fact (so long as a genuine issue of material fact exists with respect to the obviousness), that does not negate the fact that once it is determined that the danger is obvious, the defendant is not liable because he is not negligent because no duty was owed. The trier of fact determines the obviousness of the danger not to resolve issues of comparative negligence, but to determine whether a duty was owed to the plaintiff. If the danger was obvious, then no duty was owed and the defendant was not negligent. If the danger was not obvious, then a duty was owed and the trier of fact may then, and only then, consider questions of comparative negligence, causation, and so on.

our jurisprudence may embrace §§ 342 and 343 of the Restatement without adopting § 343A, the adoption of § 343 by the Supreme Court is sufficient to conclude that defendants in the case at bar owe no duty to plaintiff with respect to plaintiff's injuries. Under that section, a possessor of land is liable for injuries caused to an invitee by a condition on the land only if the condition involves an unreasonable risk to the invitee. *Ackerberg, supra* at 600. Furthermore, § 343 of the second Restatement, which was quoted with approval in *Quinlivan, supra,* makes it clear that a possessor of land is liable only if he should expect that the invitee will not discover the danger himself. I cannot conclude that a handicap ramp poses an unreasonable risk to invitees. Buildings open to the public are required to be accessible to the handicapped. Therefore, an invitee must expect to encounter a handicap ramp somewhere on the premises. It is, therefore, not unreasonable to expect that an invitee will be on the lookout for the ramp and watch where he is walking. In other words, I do not find it unreasonable to expect that an invitee to a restaurant will discover a handicap access ramp without the use of warning signs or paint.

For the reasons stated above, I would conclude that a possessor of land owes no duty to an invitee with respect to an open and obvious danger, that is, a condition of the land of which the invitee is aware or of which the invitee can reasonably be expected to be aware. Thus, the only question presented in the case at bar is whether the handicap access ramp constitutes an open and obvious condition. We concluded in our original opinion that the condition here was open and obvious, a conclusion with which I still agree. Accordingly, defendants owed no duty to plaintiff to warn of the

handicap ramp. Since defendants owed no duty, they were not negligent. Since defendants were not negligent, the comparative negligence doctrine is inapplicable.

I would still affirm.