WERT v AFTON

Docket No. 127263. Submitted May 15, 1991, at Grand Rapids. Decided June 18, 1991, at 9:05 A.M. Leave to appeal sought.

Jason J. Wert and Annette L. Wert, individually and as next friends of Jason J. Wert and Steven D. Wert, brought an action in the Kent Circuit Court against Terry A. and Sandra R. Afton, seeking damages for injuries sustained by Jason Wert while riding a motorbike on the defendants' property. The defendants moved for summary disposition, alleging they did not owe Jason a duty to maintain their property in a safe condition. The defendants conceded, for purposes of the summary disposition motion only, that Jason was a licensee. The court, Robert A. Benson, J., granted the motion, concluding from deposition testimony that the defendants did not owe a duty to warn Jason of the open and obvious danger of which he had knowledge. The plaintiffs appealed.

The Court of Appeals *held:*

The court erred in concluding that Jason's alleged knowledge vitiated the defendants' duty to warn him as a matter of law. The rule that there is no duty to warn of open and obvious dangers is no longer an absolute bar to recovery in light of Michigan's adoption of comparative negligence. Whether Jason knew or should have known of the dangerous condition is a factor in determining his damages under comparative negligence principles. Because the determination of Jason's contributory negligence is factual in nature, the court erred in making that determination at the summary disposition phase.

Reversed.

*Sprik & Andersen, P.C.* (by *Dale R. Sprik*), for the plaintiffs.

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Robert B. Aardema*), for the defendants.

Before: HOOD, P.J., and McDONALD and FITZGERALD, JJ.

Per Curiam. Plaintiffs appeal as of right from an order of the Kent Circuit Court granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). We reverse.

Plaintiff Jason Wert was twenty-one years of age on July 26, 1987, and while riding a motorbike as a licensee[1] in a gravel pit located on defendants' property, he hit a trench or groove. As a result of the accident, Jason broke his back, rendering him paralyzed from the waist down. On February 10, 1989, plaintiffs filed a complaint alleging negligence on the part of defendants for failure to maintain the property in a safe condition. The Attorney General and the Department of Social Services were allowed to intervene in the action.

In response to plaintiffs' complaint, defendants denied negligence and moved for summary disposition, arguing that they did not owe Jason a duty to maintain the gravel pit in a safe condition.

The trial court determined that the threshold issue was whether the defendants owed a duty to Jason, who had the legal status of a licensee. Concluding from the deposition testimony that Jason's familiarity and knowledge of the gravel pit negated any duty of the defendants, the circuit court granted defendants' motion for summary disposition. We reverse.

In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(10), we must determine whether the kind of record which might be developed, giving the benefit of reasonable doubt to the plaintiffs, would leave open an issue of fact upon which reasonable minds might differ. *Bowerman v*

___

[1] If the instant case had gone to trial, defendants would have asserted that Jason was a trespasser. However, in order to avoid any factual dispute over whether Jason was a trespasser or a licensee, defendants conceded, for purposes of the summary disposition motion only, that Jason was a licensee.

*Malloy Lithographing, Inc,* 171 Mich App 110, 116;
430 NW2d 742 (1988).

In *Preston v Sleziak,* 383 Mich 442, 453; 175
NW2d 759 (1970), our Supreme Court set forth the
duty owed to a licensee:

> A possessor of land is subject to liability for
> physical harm caused to licensees by a condition
> on the land if, but only if,
> (a) the possessor knows or has reason to know of
> the condition and should realize that it involves an
> unreasonable risk of harm to such licensees, and
> should expect that they will not discover or realize
> the danger, and
> (b) he fails to exercise reasonable care to make
> the condition safe, or to warn the licensees of the
> condition and the risk involved, and
> (c) the licensees do not know or have reason to
> know of the condition and the risk involved.

At issue in the instant case is section c, commonly
referred to as the open and obvious danger rule.

In *Riddle v McLouth Steel Products Corp,* 182
Mich App 259; 451 NW2d 590 (1990), this Court
held that the rule that there is no duty to warn of
open and obvious dangers is no longer viable in
light of Michigan's adoption of comparative negli-
gence. *Id.* at 266. The invitee's knowledge of a
dangerous condition is properly considered, but not
with respect to the invitor's duty to warn. Rather,
an invitee's knowledge of a dangerous condition is
to be considered in apportioning fault. *Id.* While
*Riddle* involved an invitee's knowledge of open and
obvious dangers, the principles established in *Rid-
dle* were extended to licensees in *Pressley v Bruce
Post VFW Memorial Home, Inc,* 185 Mich App
709, 710; 462 NW2d 830 (1990). In *Pressley,* the
Court rejected the "no duty to warn of open and
obvious dangers rule" as an absolute bar to recov-

ery. Thus, the determination of whether a licensee knew or should have known of a dangerous condition should be a factor in determining recoverable damages under comparative negligence principles. *Forche v Gieseler,* 174 Mich App 588, 597; 436 NW2d 437 (1989). Consequently, the trial court erred in concluding that Jason's alleged knowledge vitiated defendants' duty to warn as a matter of law.

Unless the undisputed facts preclude a finding that defendants breached the standard of care which they owed Jason as a licensee under *Preston, supra,* Jason is entitled to a trial of his claim notwithstanding any contributory negligence. *Forche, supra* at 596. Because a determination of Jason's contributory negligence is factual in nature, it should not have been made by the court at the summary disposition phase. *Murphy v Muskegon Co,* 162 Mich App 609, 615; 413 NW2d 73 (1987).

Reversed.